IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NGOZI B. IBEWUIKE,** Pro Se <br> 1111 Oak Tree Drive <br> Harve De Grace, MD 21078 <br><br> **Plaintiff,** <br><br> v. <br><br> **JOHNS HOPKINS HOSPITAL,** <br> 600 N. Wolfe Street <br> Baltimore, MD  20287 <br><br> **Defendant.** | Case No. **WMN 15 CV 1630** <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ngozi B. Ibewuike, Pro Se, sues Johns Hopkins Hospital and states as follows:

### INTRODUCTION

1.  This is a complaint for employment discrimination and is brought against the Defendant to redress the indignities and humiliation that the Plaintiff suffered and is suffering as a direct result of the Defendant's discrimination against Plaintiff on the basis of race, age and national origin in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000-e *et seq.* ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C §621 *et seq.*

### JURISDICTION AND VENUE

2.  Federal question jurisdiction is conferred on the Court by Title VII, 42 U.S.C. § 2000e-5(f), the ADEA, 29 U.S.C § 621 *et seq.*, and 28 USC § 1391.

3.  Plaintiff has satisfied conditions precedent to suit under Title VII and the ADEA, including, in particular, exhaustion of administrative remedies.

4. Venue properly lies in this judicial district in which the unlawful employment practices were committed.

## PARTIES

5. Plaintiff Ngozi B. Ibewuike, a then age 52, black, female, native of Nigeria, seeks relief under Title VII and the ADEA for employment discrimination against her by Defendant Johns Hopkins Hospital.

6. Defendant Johns Hopkins Hospital maintains offices at Baltimore, Maryland. Plaintiff worked for Defendant at its Baltimore, Maryland facility during the times in which the actions occurred that are at issue in this lawsuit.

## COMMON ALLEGATIONS

7. Plaintiff began her employment with Defendant on November 6, 2006 as a Registered Nurse.

8. In June 2012, Plaintiff continued to experience complications from a pregnancy and requested donations of leave time from fellow employees after Plaintiff's FMLA leave expired.

9. Defendant's managers responded to Plaintiff's request for donations of leave time by denying Plaintiff's request.

10. In contrast to Defendant's denial of Plaintiff's request for donations of leave time, Defendant allowed Irina Magnis, another employee to receive donations of leave time from other employees.

11. Ms. Magnis did not share the same protected groups as Plaintiff. Unlike Plaintiff, Ms. Magnis was a Caucasian person, aged between 30 to 40, and a U.S. born citizen.

12. On or about June 2012, Plaintiff requested that Defendant allow Plaintiff to return from FMLA leave by working light duty because of her physical limitations.

13. Defendant refused Plaintiff's request for light duty on or about June 13, 2012.

14. In contrast to Defendant's refusal of light duty for Plaintiff, Defendant granted light duty to Irina Magnis, a person outside Plaintiff's protected groups.

15. Defendant's refusal to allow Plaintiff to receive donations of leave time from fellow employees, along with Defendant's refusal to allow Plaintiff to be reassigned to light duty, severely interfered with Plaintiff's job performance and made it all but impossible for Plaintiff to perform her work duties as well as she was capable of doing.

16. Defendant terminated Plaintiff's employment and told Plaintiff it did so because it was refusing to grant Plaintiff "light duty" status.

17. On January 14, 2013, Plaintiff filed a complaint of unlawful discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC).

18. Plaintiff's EEOC complaint against Defendant included, inter alia, allegations of discrimination because of denial of employment benefits, including denial of leave donations and assignment to light duty, which resulted in Defendant discharging Plaintiff.

19. On March 11, 2015 the EEOC completed its investigation of Plaintiff's complaint and issued a Right to Sue Letter.

20. Plaintiff filed the instant action within the 90 period provided for in the Right to Sue Letter from the EEOC.

21. Defendant was at all relevant times Plaintiff's "employer," as defined by Title VII, 42 U.S.C. § 2000e(b) and the ADEA, 29 U.S.C. § 630(b)

22. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by Title VII, 42 U.S.C. § 2000e(f) and the ADEA, 29 U.S.C. § 630(f).

## COUNT I

### (Discriminatory Failure to Provide Employment Benefit Because of Race in Violation of Title VII, 42 USC § 2000e-2(a) – Leave Donations)

23. Plaintiff incorporates ¶¶ 1-22.

24. As a black person Plaintiff is in the classes of persons protected by Title VII.

25. Plaintiff was qualified for a donation of leave from Defendant's other employees and applied to Defendant for donations of leave from other employees on or about early June 2012.

26. Defendant denied Plaintiff permission to receive leave donations from other employees on or about June 4, 2012.

27. Despite Defendant's denial of leave donations for Plaintiff, Defendant allowed another employee outside Plaintiff's protected classes to receive leave donations, namely Irina Magnis who is a Caucasian, under 40 years of age, and a U.S. born person.

## COUNT II

### (Discriminatory Failure to Provide Employment Benefit Because of Age in Violation of the ADEA, 29 USC § 623 – Leave Donations)

28. Plaintiff incorporates ¶¶ 1-27.

29. As a person over the age of 40, Plaintiff is in the classes of persons protected by the ADEA.

30. Plaintiff was qualified for a donation of leave from Defendant's other employees and applied to Defendant for donations of leave from other employees on or about early June 2012.

31. Defendant denied Plaintiff permission to receive leave donations from other employees on or about June 4, 2012.

32. Despite Defendant's denial of leave donations for Plaintiff, Defendant allowed another employee outside Plaintiff's protected classes to receive leave donations, namely Irina Magnis who is a Caucasian, under 40 years of age, and a U.S. born person.

## COUNT III

### (Discriminatory Failure to Provide Employment Benefit Because of National Origin in Violation of Title VII, 42 USC § 2000e-2(a) – Leave Donations)

33. Plaintiff incorporates ¶¶ 1-32.

34. As a person born in Nigeria, Plaintiff is in the classes of persons protected by Title VII.

35. Plaintiff was qualified for a donation of leave from Defendant's other employees and applied to Defendant for donations of leave from other employees on or about early June 2012.

36. Defendant denied Plaintiff permission to receive leave donations from other employees on or about June 4, 2012.

37. Despite Defendant's denial of leave donations for Plaintiff, Defendant allowed another employee outside Plaintiff's protected classes to receive leave donations, namely Irina Magnis who is a Caucasian, under 40 years of age, and a U.S. born person.

## COUNT IV

### (Discriminatory Failure to Provide Employment Benefit Because of Race in Violation of Title VII, 42 USC § 2000e-2(a) – Light Duty)

38. Plaintiff incorporates ¶¶ 1-37.

39. As a black person, Plaintiff is in the classes of persons protected by Title VII.

40. Plaintiff was qualified for and requested on or about early June 2012 that Defendant reassign her to light duty after Plaintiff returned from leave under the Family Medical Leave Act.

41. Defendant denied Plaintiff request for reassignment to light duty on or about June 13, 2012.

42. Despite Defendant's denial of reassignment to light duty for Plaintiff, Defendant granted light duty to another employee outside Plaintiff's protected classes, namely Irina Magnis who is a Caucasian, under 40 years of age, and a U.S. born person.

## COUNT V

### (Discriminatory Failure to Provide Employment Benefit Because of Age in Violation of the ADEA, 29 USC § 623 – Light Duty)

43. Plaintiff incorporates ¶¶ 1-42.

44. As a person over the age of 40, Plaintiff is in the classes of persons protected by the ADEA.

45. Plaintiff was qualified for and requested on or about June 2012 that Defendant reassign her to light duty after Plaintiff returned from leave under the Family Medical Leave Act.

46. Defendant denied Plaintiff request for reassignment to light duty on or about June 13, 2012.

47. Despite Defendant's denial of reassignment to light duty for Plaintiff, Defendant granted light duty to another employee outside Plaintiff's protected classes, namely Irina Magnis who is a Caucasian, under 40 years of age, and a U.S. born person.

### COUNT VI

### (Discriminatory Failure to Provide Employment Benefit Because of National Origin in Violation of Title VII, 42 USC § 2000e-2(a) – Light Duty)

48. Plaintiff incorporates ¶¶ 1-47.

49. As a person born in Nigeria, Plaintiff is in the classes of persons protected by Title VII.

50. Plaintiff was qualified for and requested on or about June 2012 that Defendant reassign her to light duty after Plaintiff returned from leave under the Family Medical Leave Act.

51. Defendant denied Plaintiff request for reassignment to light duty on or about June 13, 2012.

52. Despite Defendant's denial of reassignment to light duty for Plaintiff, Defendant granted light duty to another employee outside Plaintiff's protected classes, namely Irina Magnis who is a Caucasian, under 40 years of age, and a U.S. born person.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant; declare that Defendant's conduct is in violation of Title VII, 42 U.S.C. 2000e *et seq.* and the ADEA, 29 U.S.C §621 *et seq.*; reinstate Plaintiff to her previous position as Registered Nurse; and award Plaintiff: appropriate compensatory and punitive damages in amounts to be

proven at trial for her loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and deprivation of her right to equal employment opportunity; back pay and front pay; restitution of forfeited employment benefits; other appropriate legal and equitable relief, including, but not limited to: reinstatement; attorney's fees; court costs; expenses; prejudgment interest and post-judgment interest; compensation for any additional tax burden that is incurred by Plaintiff were it not for the discriminatory treatment to which Plaintiff was subjected; and all other relief as justice may require.

Respectfully submitted,

6/3/2015

_____
Ngozi B. Ibewuike, Pro Se
1111 Oak Tree Drive
Harve De Grace, MD
(443) 502-2500
ngibe1@hotmail.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

6/3/2015

_____
Ngozi B. Ibewuike, Pro Se
1111 Oak Tree Drive
Harve De Grace, MD
(443) 502-2500
ngibe1@hotmail.com

## VERIFICATION

I, Ngozi B. Ibewuike, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

                                                     Ngozi B. Ibewuike
                                                     1111 Oak Tree Drive
                                                     Harve De Grace, MD
                                                     (443) 502-2500
                                                     ngibe1@hotmail.com

Subscribed and sworn to before me
this 3rd day of June, 2015

*[signature: Andrew Mitchell]*

MY COMMISSION EXPIRES 11-25-18

**Disclosure**: An attorney assisted Plaintiff with the preparation of this document. The scope of the attorney's role was limited to providing assistance in filing and drafting of this initial complaint within the required 90 day period following Plaintiff's Right to Sue Letter from the EEOC. The attorney does not represent Plaintiff generally and will not enter an appearance in this case. While the attorney did a substantial portion of the writing contained herein, it was written under Plaintiff's direction and subject to editing by Plaintiff prior to filing, giving the attorney no control over the final document. The arguments contained herein are Plaintiff's and should be given the usual leniency accorded to pro se litigants. Indeed, the Court and Defendant should continue to treat Plaintiff in all ways as an unrepresented litigant.

_____   Dated: 6/3/2015
Charles F. Holman,
Maryland Federal Bar No. 27425
345 N. Charles Street, Suite 200
Baltimore, MD 21201
(410) 659-7500
(410) 659-7504 - facsimile
chasfholman3@aol.com