IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NGOZI B. IBEWUIKE          *
                           *
v.                         *   Civil Action No. WMN-15-1630
                           *
THE JOHNS HOPKINS HOSPITAL *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Before the Court is a Motion for Summary Judgment filed by Defendant Johns Hopkins Hospital (Hospital). ECF No. 25. The motion is fully briefed. Upon review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In her Complaint and Amended Complaint, Plaintiff brought claims under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.; and the Americans with Disability Act (ADA), 42 U.S.C. § 12101 et seq., in addition to claims of interference and retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. In opposing the Hospital's Motion for Summary Judgment, Plaintiff conceded that she failed to exhaust her administrative remedies as to her ADA claim and

that she is unable to maintain any claim under Title VII. ECF No. 28 at 4. Thus, those claims will be dismissed. Furthermore, in her Opposition, Plaintiff offers no response to the Hospital's challenge to her ADEA claims. Thus, those claims will be dismissed as well. See Grant-Fletcher v. McMullen & Drury, P.A., 964 F. Supp. 2d 514, 526 (D. Md. 2013) (summary judgment proper where non-movant abandoned claim by failing to address movant's arguments).

The facts relevant to Plaintiff's remaining FMLA claims are as follows. Plaintiff was employed by the Hospital as a Nurse Clinician I (Registered Nurse) in November of 2006. In November or December of 2011, Plaintiff applied for leave under the FMLA for the period August 6, 2012, to October 29, 2012, in anticipation of an child due to be born in August 2012. That application was approved. In February of 2012, Plaintiff experienced some complications with her pregnancy, was placed on bed rest, and was told that the delivery of the child might be moved to May 2012. Plaintiff amended her FMLA application to request leave from March 23, 2012, to June 15, 2012. That request for FMLA leave was also approved.

Because the end of her FMLA leave was quickly approaching, Plaintiff's nurse manager, Kathy Wagner-Kosmakos, sent Plaintiff a letter on June 5, 2012, offering her the opportunity to apply for a medical leave of absence. ECF No. 25-4. The Hospital's

2

Leaves of Absence Policy provides certain qualified employees with up to six months of free medical and dental insurance at no cost to the employee during the leave period. Plaintiff was referred to the provisions and regulations concerning leaves of absence and she completed a leave of absence request form on June 9, 2012, on which she acknowledged by her signature that she had reviewed and understood the contents of the Hospital's Leaves of Absence Policy. Pl's Dep. at 29. Included in that Policy is the requirement that any employee on a leave of absence "must obtain the written consent of the manager/director of his/her department, prior to engaging in paid employment of any kind during the period of absence" and provides further that "[i]f the employee fails to disclose or misrepresents dual employment during leave, he/she will be terminated as having abandoned his/her position." ECF No. 25-8 at 16. Plaintiff's leave request was approved on June 13, 2012, by the nurse manager on Plaintiff's unit, Kathleen Wagner-Kosmakos.

Plaintiff's child was delivered prematurely and by cesarean section on May 12, 2012. On June 11, 2012, Plaintiff visited her doctor, Nikki Koklanaris, and Dr. Koklanaris instructed Plaintiff that she would need to be on light duty for the next six weeks. Dr. Koklanaris completed a work restriction form, ECF No. 25-4, and Plaintiff took that form to Wagner-Kosmacos and asked to be given a light duty assignment. Wagner-Kosmacos

3

forwarded the form to Frances Humphrey-Carothers, the Hospital's Associate Director of Occupational Health Services. According to Plaintiff, Wagner-Kosmacos and Humphrey-Carothers had a short 20-minute meeting after which Plaintiff was told that there was no light duty assignment available for her.[1] Plaintiff now contends that this effectively terminated her employment with the Hospital.

Several weeks earlier, on May 22, 2012, Plaintiff had applied for a Registered Nurse position at Levindale Hebrew Geriatric Center and Hospital (Levindale). On June 13, 2012, Levindale sent Plaintiff a letter informing her that she was being offered a full time position to begin on June 18, 2012. She accepted that position on June 15, 2012, and began work at Levindale on June 18, 2012. At some point on or before July 10, 2012, the Hospital learned that Plaintiff had taken the position at Levindale, without permission, in violation of the terms of the Hospital's Leaves of Absence Policy. On July 12, 2012, the Hospital sent Plaintiff a letter stating that her employment was being terminated.

---

[1] Plaintiff had advocated that she be given a clerical position instead of a nursing position but, upon investigation, that proved impossible because clerical positions at the Hospital are unionized and Plaintiff is not a member of the bargaining unit. Plaintiff acknowledged in her deposition that she was requesting a position that did not "involve things that I usually do for my patients." Pl.'s Dep. at 63.

Contending that her employment was actually terminated on June 12, 2012, Plaintiff argues that the termination of her position interfered with her FMLA rights. Plaintiff suggests that this constituted interference because "under the regulations, 'Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but <u>discouraging an employee from using such leave</u>.'" ECF No. 28 at 9 (quoting 29 C.F.R. § 825.220, emphasis added by Plaintiff). Plaintiff also suggests that this termination was in retaliation for her having previously taken FMLA leave. The Hospital moves for summary judgment as to both the FMLA interference and the FMLA retaliation claims.

## II. LEGAL STANDARD

Rule 56(b) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered in favor of a moving party when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. Trial judges have an affirmative obligation to prevent factually unsupported claims from

proceeding to trial.  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1986).

Where, in a case "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [one party's] version of events . . . differs substantially from [the other party's,] . . . courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion."  Scott v. Harris, 550 U.S. 372, 378 (2007).  However, "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Id. 550 U.S. at 380.

### III. DISCUSSION

To make out a prima facie case of interference under the FMLA, the employee must, among other factors, show "that the employer violated § 2615 by interfering with, restraining or denying his or her exercise of FMLA rights" Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002).  As discussed above, it is undisputed that the Hospital granted Plaintiff's initial request for FMLA leave for the period August 6, 2012, to October 29, 2012, as well as her amended request for the period March 23, 2012, to June 15, 2012.  Plaintiff acknowledged in her deposition that she received the full 12

6

weeks of available FMLA leave for the period from March 23, 2012, to June 15, 2012.  Pl.'s Dep at 48.

Although it is less than clear, Plaintiff appears to argue that the Hospital's denial of her request for a light duty assignment on June 12, 2012, constituted a failure to reinstate her, in violation of the FMLA.  Under the FMLA, however, "[a]n employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period."  29 C.F.R. § 825.216(a).  "If the employee is unable to perform an essential function of the position because of a physical or mental condition, . . . the employee has no right to restoration to another position under the FMLA."  Id. at 825.216(c).  Here, it is undisputed that Plaintiff was not able to perform the essential functions of her job as a Registered Nurse and Plaintiff cites no authority for her position that she was entitled to be given an entirely different position at the Hospital.  The Court finds that the Hospital is entitled to summary judgment on Plaintiff's FMLA interference claim.  See Rodriguez v. Smithfield Packing Co., 545 F. Supp. 2d 508, 515 (D. Md. 2008) (holding that "an employee returning from FMLA leave has no right to restoration to her prior or an equivalent position where the person is 'unable to perform an essential function of the position because of ... the continuation of a

7

serious health condition") (internal quotations omitted); Wilder v. Talbot Co., Civ. No. CCB-11-1019, 2012 WL 1901335, at *3 (D. Md. May 23, 2012) (same).

As for her retaliation claim, in the absence of direct evidence of retaliation, as in the present situation, Plaintiff must prove her claim under the pretext framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Taylor v. Rite Aid Corp., 993 F. Supp. 2d 551, 566 (D. Md. 2014). To make a prima facie showing under the McDonnell Douglas framework, a plaintiff must present evidence "that [s]he engaged in protected activity, that the employer took an adverse action against [her], and that the adverse action was causally connected to the plaintiff's protected activity." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). Once a plaintiff "puts forth sufficient evidence to establish a prima facie case of retaliation" and the defendant "offers a non-discriminatory explanation" for the plaintiff's termination, the plaintiff still "bears the burden of establishing that the employer's proffered explanation is pretext for FMLA retaliation." Nichols v. Ashland Hosp. Corp., 251 F. 3d 496, 502 (4th Cir. 2001).

Plaintiff's retaliation claim is premised on her contention that her employment was terminated on June 12, 2012, and that this termination was in retaliation for her having previously

8

taken FMLA leave.  The Hospital counters that Plaintiff's employment was not terminated until July 12, 2012, when it was terminated due to Plaintiff's violation of the Hospital's Leaves of Absence Policy.  The Court finds that no reasonable jury could conclude that Plaintiff's employment was terminated on June 12 in that Plaintiff's own conduct subsequent to that date belies the conclusion that even she believed that her employment was terminated as of that date.

It is undisputed that Plaintiff was told on June 12 that there was no light duty assignment available for her.  Being denied a light duty assignment, however, does not constitute a termination of employment.  As noted above, there is no requirement under the FMLA that she be offered a position different than the position in which she was employed prior to taking leave.  Counter to any suggestion that her employment was being terminated, Plaintiff was permitted to apply for extended leave so that her health insurance could continue, without any cost to her.  Plaintiff acknowledged in her deposition that she took her extension form to the Hospital on June 13 to have that form signed by Wagner-Kosmakos and that Wagner-Kosmakos signed the form on that date.  Pl.'s Dep. at 33-34.  Plaintiff then went back to the Hospital on June 14 to hand in the extension form.  Id.  Furthermore, it is undisputed that the Hospital continued to provide health insurance for Plaintiff and that

Plaintiff also received short term disability payments from the Hospital through the month of June 2012. ECF No. 25-8, Aff. of Holly Reilly ¶ 9. These facts and Plaintiff's own conduct are completely inconsistent with the belief she now purports to hold in opposing summary judgment, i.e, that she was terminated on June 12.

Plaintiff attempts to establish that her termination was on June 12 instead of July 12 because she is aware that she cannot meet her burden to establish that the July 12 termination was pretexual.[2] Plaintiff was violating the provision prohibiting the taking of paid employment while on a leave of absence without first obtaining the permission of the manager of her unit and, for that reason, her employment was terminated. Plaintiff admits that she was aware of that policy and that she never obtained the consent of her manager to work at Levindale while on leave.

In an attempt to establish pretext, Plaintiff notes that, when she first started working at the Hospital, she was also employed at another medical facility and she was never told that dual employment was not permitted. ECF No. 28 at 14. That there is no prohibition of dual employment <u>while an employee is</u>

---

[2] The Court will assume, without deciding, that Plaintiff could establish a <u>prima facie</u> case of retaliation.

10

<u>working at the Hospital</u>, does not imply that the Hospital cannot prohibit taking paid employment while on a leave of absence.

In arguing pretext, Plaintiff also posits that she was not aware that she had been granted an extended leave of absence until July 10, 2012, and, thus, her taking paid employment was not a ground for dismissal.  That position, however, is inconsistent with statements that Plaintiff has previously made.  In a July 9, 2012, email to Jaclyn Quackenbush, HR Consultant at the Hospital, Plaintiff wrote, "I took the FMLA extension for[m] which [Wagner-Kosmakos] sent to me to her and she signed it, and I turned it into HR just so at least I and my family will have medical insurance before I get another job."  ECF No.  That her extended leave had been approved was also evidenced by the Hospital's continued provision of health insurance and Plaintiff must also have been aware that she continued to be insured.

Having concluded that the Hospital has proffered a non-retaliatory reason for the termination of Plaintiff's employment and that Plaintiff has come forward with no evidence that this reason was pretextual, the Court will grant the Hospital summary judgment as to Plaintiff's FMLA retaliation claim as well.  A separate order consistent with this memorandum will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: May 17, 2017